UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION
DON TERRY,

                Petitioner,                MEMORANDUM AND ORDER
                                                      08-CV-3608 (RRM)

            -against-

ROBERT ERCOLE,

                Respondent.
----------------------------------------------------------X
MAUSKOPF, United States District Judge:

On August 23, 2008, pro se petitioner Don Terry, currently incarcerated at Green Haven Correctional Facility, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a Queens County conviction and sentence rendered on May 12, 2008 for, inter alia, robbery in the first degree. For the reason set forth below, the petition is DISMISSED.

## Discussion

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the "'opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)); see also Jackson v. Edwards, 404 F.3d 612, 618 (2d Cir. 2005) (same). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including the state court of last resort with discretionary review over its docket), thereby alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-366; O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Daye v. Attorney General, 696 F.2d 186, 194 (2d Cir. 1982).

In the instant petition, Terry alleges that he filed a notice of appeal with the Appellate

Division, Second Department, on July 1, 2008, but that a decision has not been rendered yet. *See* Petition at 2, ¶9. As of the date of the filing of this petition, petitioner's appeal of his criminal conviction still appears to be pending before the state courts. Because the state courts have not had an opportunity to consider petitioner's claims before he commenced this petition in federal court, the instant petition is prematurely filed.[1] Petitioner is advised that he may only seek federal review of his conviction once he has exhausted his state court remedies, *i.e.,* once the state courts have completed the appellate review process.

## Conclusion

Accordingly, the petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, without prejudice, to renewal upon the exhaustion of the remedies available in the courts of the State of New York. 28 U.S.C. § 2254(b)(1)(A). As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, in forma pauperis is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
September ⌐ , 2008

---

[1] Petitioner is further advised that **a one-year period of limitation applies to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a state court.** The limitation period runs from the latest of: (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1) (emphasis added).